**COMMERCE INS. CO. et al. v. LOBELLO.**

No. 2407.

Court of Civil Appeals of Texas. El Paso.
April 17, 1930.

Rehearing Denied May 8, 1930.

E. G. Senter, of Dallas, for appellants.

Bryan, Stone, Wade & Agerton, of Fort Worth, and McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

WALTHALL, J.

Appellee, Sam Lobello, brought two separate suits against the Commerce Insurance Company and the British American Assurance Company to recover upon an insurance policy issued by each company to Sam Lobello, each issued in the sum of $3,000, which insured the owner of the property described in the policy against loss by windstorm, cyclone, and tornado. By consent, the suits were consolidated and tried together. The record in the two suits is the same except as to the name of the insurance company. During the life of the policy, the property insured was damaged by windstorm, cyclone, and tornado in the sum of $7,565.48. There is no controversy as to the above-stated facts. There was at the time of the loss one other policy of insurance outstanding and in effect issued by the Milwaukee Mechanic's Insurance Company, in the sum of $3,000, insuring the same property against loss by windstorm, cyclone, and tornado. That policy is not brought into question here. There

was also a policy of insurance in the sum of $6,000, alleged to have been duly issued by the Milwaukee Mechanic's Insurance Company, which forms the basis of the controversy in this suit. The amount of insurance carried in said outstanding insurance policies, and the pro rata of the loss each should bear, seems to be principal matter of controversy in the suit, appellants insurance companies, insisting that its pro rata of liability for the loss was less than that found by the court, by reason of said outstanding additional $6,000 insurance policy. The sufficiency of the pleadings as presenting the issues involved in the controversy is not questioned, and, without stating the pleadings at length, the findings of fact and conclusions of law made and filed by the trial court, upon which the judgment was entered, we think sufficiently show the issues in controversy. They are as follows:

"Findings of Fact.

"1. During August and September, 1927, the plaintiff was erecting a chain of brick buildings on the Southwest corner of Hillcrest and Asbury Streets in University Park, Dallas, Texas. He had been in the building business for three or four years and during that time the Craig-McGuire Insurance Agency had handled all his insurance matters for him. They looked after his buildings. There was an understanding between them that the insurance agency would use their own judgment, keep up with the construction of the buildings that he was erecting, keep them insured in the proper amounts and with the proper insurance and place the insurance in any company that they saw fit. The plaintiff left entirely to the insurance agent the question of how much insurance would be placed in each company.

"2. On or about August 11, 1927, Miss Mary Barnett, working in the office of Craig-McGuire Insurance Agency, after talking with Mr. Sam Lobello, the plaintiff, over the telephone wrote up a policy of $6,000.00 tornado insurance in the Milwaukee Mechanic's Insurance Company covering the plaintiff's property at Hillcrest and Asbury Streets. This policy was placed before Mr. McGuire for signature but he did not sign it and returned the same to Miss Barnett with the statement that she must be mistaken as it was fire insurance rather than tornado insurance that Mr. Lobello wanted. Therefore, a policy for fire insurance was written up and the tornado policy was returned to the home-office of the company marked 'Not Taken,' 'No premium collected,' and 'Cancelled.'

"3. On September 3, 1927, the plaintiff called Mr. McGuire by telephone on that day which was on Saturday and it was agreed between them that Mr. McGuire would issue policies of tornado insurance covering the

plaintiff up to the extent of $9,000.00 on his property at Hillcrest and Asbury Streets. Mr. McGuire looked to see if Mr. Lobello had any tornado insurance on the property at that time and finding none, prepared and issued three policies of tornado insurance in the sums of $3,000.00 each, one being in the Milwaukee Mechanic's Insurance Company, another in the Commerce Insurance Company and the third in the British American Assurance Company. Mr. McGuire retained the policies there in his office and late the next afternoon, the property was damaged by tornado and the amount of the loss was afterwards agreed upon by representatives of the insurance companies and Mr. Lobello as $7,565.48. The Milwaukee Mechanic's Insurance Company made a settlement on the basis of the above amount whereby they were to pay one-third of the amount. The other two insurance companies refused to settle on this basis claiming that they should be liable for no more than $1,000.00 each or at most their prorata on the basis that the $6,000.00 policy in the Milwaukee Mechanic's Insurance Company was still in existence at the time of the loss.

"4. I find that the Milwaukee Mechanic's Insurance Company policy of $6.000.00 never did come into existence, was never issued or signed and no premium was asked for said policy and none paid.

"5. Mr. Lobello left entirely with Mr. McGuire the matter of handling all his insurance matters as he saw fit and neither Mr. Lobello nor Mr. McGuire had any intention of placing more than $9,000.00 tornado insurance on the buildings destroyed, and it was the intention of the insurance agent, Mr. McGuire, representing both the insurance companies and Mr. Lobello, that the three policies of $3,000.00 each issued on September 3, 1927, were to be the only policies of tornado insurance on the property.

"6. The premiums of $25.50 due on each of the policies were paid by the plaintiff to the insurance agency on December 1, 1927. Reports showing the premiums due on each of the policies were sent to both insurance companies and payment of the full premiums due on policies of $3,000.00 each were made to both of the insurance companies and received by them in payment for the policies long after both of the insurance companies knew of all the facts and circumstances surrounding the execution of these policies and knew all the facts and circumstances pertaining to the policy of $6,000.00 in the Milwaukee Mechanic's Insurance Company which the insurance agency started to issue, of the loss sustained and the claims and contentions, made by Mr. Lobello under these two policies sued upon.

"Conclusions of Law.

"1. I conclude that the plaintiff should recover the full amounts sued for against each of the defendants.

"2. I conclude that there were only three policies of tornado insurance on the premises destroyed and they were the three policies of $3,000.00 each issued on September 3, 1927.

"3. I conclude that the insurance companies accepted and retained the full premiums due on each of the policies of $3,000.00 with full knowledge of all the facts and circumstances surrounding the execution of said policies and the purported issue of the policy of $6,000.00 in the Milwaukee Mechanic's Insurance Company and thereby acquiesced in and ratified all of the acts pertaining to the placing and handling of said insurance by their agent, R. P. McGuire.

"4. I further conclude that by collecting from plaintiff and retaining the full premiums on the policies of $3,000.00 each after the insurance companies had full knowledge of all the facts and circumstances surrounding the execution of the policies, the insurance companies are each estopped to insist upon reformation of the policies and are further estopped to insist that there is $15,000.00 tornado insurance on the premises."

The court entered judgment against each of the defendants in the sum of $2,786.63, with interest from the date of the judgment, and costs.

Opinion.

The assignments of each of appellants, and the propositions thereunder, are identical, and this one opinion applies to each.

Appellants submit that the judgment is excessive, in that at the time of the loss there was $15,000 of tornado insurance outstanding, appellants' policies being each in the sum of $3,000 or one-fifth each of the total amount of insurance in force at the time of the loss, the policies limiting its liability to such proportion of any loss as such amount of its policy shall bear to the whole insurance covering the policy, whether valid or not; that the total loss was $7,565.48, and its liability, if liable, was at most each in the sum of $1,513.10.

There is no controversy but that Lobello desired and asked for only $9,000 tornado insurance on the property insured. That amount of insurance was agreed upon. The McGuire agency, agents of all the insurance companies involved in this controversy, wrote four policies of tornado insurance on the property—first, on August 11, 1927, a $6,000 policy, and later on September 3, 1927, wrote three policies, each in the sum of $3,000; the $6,000 policy and one of the $3,000 policies being written with the Milwaukee Mechanic's Insurance Company. The Milwaukee Mechanic's Insurance Company paid the pro rata liability assessed against its $3,000 policy of September 3, and denies that the $6,000 policy ever came into existence as an obligation.

The trial court in its fourth finding found that the $6,000 policy "never did come into existence, was never issued or signed and no premium was asked for said policy and none paid," and, based on that finding, in connection with the sixth finding, conformed the conclusion of law, and so entered judgment against appellants on the amounts found to be the liability on each of the $3,000 policies of September 3d.

■■ Without quoting the evidence, both McGuire and Lobello considered that Lobello was insured by the $6,000 policy issued from August 11th until September 3d, when Lobello in his conversation with McGuire asked for additional insurance to the amount of $9,000, and it was then agreed that his insurance should be increased to that amount. There is nothing in the record to indicate that Lobello indicated, knew, or cared what company was writing his insurance. The local agent, McGuire, of whom the request was made for insurance and for additional insurance, by mutual understanding of McGuire and Lobello, had authority to place such insurance and such additional insurance in any company McGuire might select. McGuire, by such understanding with Lobello, had agreed to keep the property insured and to write the additional insurance. McGuire at all times had the authority to write the insurance in any one or all of the companies involved in this controversy. On September 3d, McGuire elected to write $3,000 of the insurance in each of the two appellant companies and $3,000 in the Milwaukee Mechanic's Insurance Company, instead of continuing the $6,000 insurance in the last-named company. The two appellant companies accepted the premiums with full knowledge at the time of such acceptance of all the facts upon which they now insist upon being relieved of their liability. But, aside from such acceptance, the rule seems to be established that, when a contract is by an agent to insure and to keep insured certain property, there is no necessity for a subsequent acceptance or ratification; the insurance is complete when the risk under such circumstances is proffered, accepted by the agent, and covered. The above is sustained by Dalton v. Norwich Union Fire Ins. Soc. (Tex. Com. App.) 213 S. W. 230. We think it unimportant to discuss the liability of the Milwaukee Mechanic's Insurance Company on the $6,000 policy. Whatever would have been its liability before September 3d, when the three policies were written to substitute the insurance and to cover the $9,000 insurance agreed upon, and the $6,000 policy was not continued in effect as covering in part the amount of the insurance then agreed upon, in the absence of any agreement between McGuire and Lobello that said policy should be continued in effect, the liability on the $6,000 came to an end by the acceptance by Lobello of the three policies covering the amount of his insurance. Under the undisputed evidence, as between McGuire and Lobello, McGuire had the authority to make such substitution, and the legal effect of this act in displacing the $6,000 by such substitution was to discontinue said policy, and such discontinuance took place by and at the time of the writing of the three policies. We fail to see how appellant could have any cause of complaint. As suggested by appellee, McGuire, their agent, intended the three policies to be the only policies covering the property, and to arrange it as he saw fit. As we view it, it was immaterial, whether McGuire knew of the existence of the $6,000 policy, or whether it was actually marked "Canceled" and returned; no loss occurred while that policy was in effect, and the agreement on the 3d of September to increase the insurance to $9,000 was carried out. To increase the insurance to $15,000 by including the $6,000, as suggested by appellants, would be to make a contract for the parties never contemplated by either.

If we are not in error in our conclusion that the $6,000 policy became discontinued by the substitution of the three policies on September 3d, the provision in appellants' policies to the effect that appellants should not be liable for a greater proportion of any loss than the amount insured shall bear to the whole insurance covering the property, whether collectable or not, has no application. Such provision could have application only to policies undertaking to cover the loss at the time the loss occurred.

■ Appellants were not entitled to reform their policies on the ground of mutual mistake. To do so would nullify the expressed intention of their agent, McGuire. We find no mutual mistake in the evidence. The evidence shows beyond question that $9,000 was the amount of insurance desired and agreed upon, and the amount issued.

We have carefully considered all of the propositions of appellants, and those not specially discussed are necessarily included in those discussed and are overruled. The proper judgment under the evidence was rendered. The case is affirmed.